UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 07-73-DLB

TONI L. CULBRETH                                                    PLAINTIFF

vs.                        MEMORANDUM OPINION AND ORDER

COVINGTON BOARD OF EDUCATION ET AL.                    DEFENDANTS

********************************

Plaintiff, former elementary school assistant principal, commenced this section 1983 action against the local board of education and its superintendent alleging that her demotion to classroom teacher was not effectuated in compliance with section 161.765 of the Kentucky Revised Statutes, thereby violating her Fourteenth Amendment substantive and procedural due process rights.

This matter is presently before the Court on the parties' cross-motions for summary judgment. (Docs. #15, 17). Both motions have been fully briefed, (docs. #18, 20, 23, 24), and the matter is now ripe for review.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Toni L. Culbreth, has been employed with the Covington Board of Education (CBE) since 1982. For the first eleven years of her employment, Plaintiff taught math, science, and health to sixth and seventh graders at the Sixth District Elementary School. In 1993 Plaintiff was promoted, becoming the Assistant Principal of Sixth District

---

[1] In addition, Plaintiff has requested that the Court hear oral argument on the pending motions. (Doc. #26).

Elementary School; a position she held until May 2005.

On March 22, 2005, the Sixth District Elementary School site-based council voted to eliminate the position of Assistant Principal for the upcoming 2006-2007 school year. Over the course of the next four months, Plaintiff received a series of letters clarifying the details of her employment with CBE for the 2005-2006 school year and beyond.

First, on May 13, 2005, Plaintiff received a letter from Superintendent Jack Moreland informing her that her "assignment for the 2005-2006 academic year is that of classroom teacher with the location to be assigned at a later date." (Doc. #1, ex. A). Despite the transfer and assignment change, the May 13th letter made clear that Plaintiff's salary for the 2005-2006 school year would not be reduced: she would be paid "in accordance with the applicable *administrative* salary schedule position and experience level commensurate with your position prior to this assignment." (*Id.*) (emphais added).

Next, on July 8, 2005, Plaintiff received a second letter from Superintendent Moreland stating that she was being "transferred" from the position of Assistant Principal of Sixth District Elementary School to the position of "teacher" at Holmes Alternative High School. (Doc. # 16, ex. D). This letter did not mention Plaintiff's salary.

Finally, on August 4, 2005, Ken Ellis, Executive Director of Personnel and Administration for CBE wrote to Plaintiff to "notify" her that for the 2005-2006 academic year she would be a "classroom teacher" at the Holmes Alternative School, and her salary for the 2005-2006 school year would be based upon the "administrative salary schedule." (Doc. #16, ex. E). However, Mr. Ellis also advised Plaintiff that "beginning school year 2006-2007 and thereafter" her salary would be based on the *teacher* salary schedule." (*Id.*) (emphasis added). None of these letters used the term "demotion" in relation to Plaintiff's

2

reassignment, advised her that the school board had been notified of her transfer,[2] or that her reassignment had been executed in compliance with section 161.765 of the Kentucky Revised Statutes, which details the procedures the CBE Superintendent must follow when demoting an administrator with more than three years of service.

Plaintiff never refused her new assignment, filed a grievance with the Superintendent, or commenced a state court action contesting her transfer.  Following the completion of the 2005-2006 school year, on May 6, 2006 Plaintiff received another letter from Superintendent Moreland:

> In accordance with KRS 161.760[3], you are hereby notified that there will be a reduction in your salary for the 2006-2007 school year.  Your salary for school year 2005-2006 was based on the administrative salary schedule at the elementary principal level . . . .  For school year 2006-2007 your salary will be based on the teacher salary schedule for rank and experience for 185 days.  The Covington Board of Education will be notified of this decision at its next regular meeting.

(Doc. #16, ex. H).  Despite the reduction in salary, Plaintiff accepted her assignment for the 2007-2007 school year.  Plaintiff continues to be employed by CBE as a classroom teacher at the Holmes Alternative School.

In her Complaint, Plaintiff alleges: 1) that she was never properly notified, under section 161.765, that she was being demoted and her pay reduced, in violation of her Fourteenth Amendment right to procedural due process; 2) in the alternative, even if she was notified of the demotion, neither the demotion or the pay reduction were effectuated

---

[2]On May 28, 2005, Jack Moreland, via memorandum, notified CBE that Plaintiff's assignment had been changed "[f]rom Assistant Principal at Sixth District School to Classroom Teacher - location to be determined."  (Doc. #15, ex. B).

[3] This section details the procedures for reducing the salary/responsibilities of a tenured teacher.

in compliance with sections 161.760 and 161.765; and 3) Defendants' actions were "wanton and reckless, with intent to violate Plaintiff [sic] rights," in violation of her substantive due process rights under the Fourteenth Amendment.  Plaintiff seeks injunctive relief (reinstatement to her administrative position and salary), compensatory and punitive damages, attorney's fees, and costs of suit.

## II.    ANALYSIS

### A.    Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is not a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The fact that both parties filed summary judgment motions does not alter the standard by which this Court reviews these motions: "When reviewing cross-motions for summary judgment, the court must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party."  *Wiley v. United States*, 20 F.3d 222, 224 (6th Cir. 1994) (citing *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)).

"The moving party bears the burden of showing the absence of any genuine issues of material fact."  *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008).  Once the movant has satisfied its burden, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), it must produce evidence showing that a genuine issue remains, *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000).  If, after reviewing the record as a whole, a rational fact finder could not find for the nonmoving

4

party, summary judgment should be granted. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 349 (6th Cir. 1998).

**B.     Section 1983**

Section 1983 authorizes "any citizen of the United States or other person within the jurisdiction thereof" to pursue "an action at law [or] a suit in equity" against "[e]very person who, under color of" state law, causes "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. "Although '§1983 by itself does not protect anyone against anything[,]' the statute 'provides a remedy for deprivations of rights secured by the Constitution and laws of the United States . . . .'" *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1348 (6th Cir. 1992) (citations omitted). In order to sustain a claim under section 1983, a plaintiff must identify a right secured by the United States Constitution and a deprivation of that right by a person acting under color of law. *Russo v. City of Cincinnati,* 953 F.2d 1036, 1042 (6th Cir. 1992).  Here, Plaintiff alleges that her Fourteenth Amendment substantive and procedural due process rights were violated by Defendants' failure to demote her in compliance with the procedures outlined in K.R.S. § 161.765.[4]

**1.     Procedural Due Process**

The Fourteenth Amendment's guarantee of procedural due process assures that the deprivation of life, liberty, or property will not be effectuated without "notice and opportunity for a hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*,

---

[4] Plaintiff is not contesting the decision to demote her; rather, she is challenging only the procedure by which the demotion was accomplished and the means of notification employed by Defendants. (Doc. #20, p. 5).

5

470 U.S. 532, 538 (1986).  When presented with an alleged violation of procedural due process rights, this Court must engage in a two-step analysis: "we determine initially whether a protected property interest exists and then what procedures are required to protect that interest."  *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 565 (6th Cir. 2004) (citing *Johnston-Taylor v. Gannon*, 907 F.2d 1577, 1581 (6th Cir. 1990)).

Plaintiff's procedural due process claim depends on her having had a property right in continued employment as an administrator; if she did, the Defendants could not deprive her of this property without due process.  *See Loudermill*, 470 U.S. at 538.  To determine whether Plaintiff had such an interest, we look to state law.  *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) ("Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law - rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.").  In order to establish a protected interest in continuing employment as an administrator, Plaintiff must be able to point to "some statutory or contractual right conferred by the state which supports a legitimate claim to continued employment."  *Bailey v. Floyd Co. Bd. of Educ.*, 106 F.3d 135, 141 (6th Cir. 1997).

Under Kentucky law, some employees - such as teachers who have remained employed for more than four years - possess property interests in their positions by statutory grant.  *See* K.R.S. § 161.740; *Bailey*, 106 F.3d at 141 ("[C]ertified school employees are entitled to tenure under the Kentucky Teacher Tenure Act and, therefore, can support a legitimate claim of entitlement to their positions.").  There exists, however, no statute similar to the Kentucky Teacher Tenure Act which entitles administrators to

6

continuing employment as administrators; as such, under Kentucky law administrators do not possess a property interest in their positions cognizable by the Fourteenth Amendment. *See Bailey*, 106 F.3d at 141.

In *Hooks v. Smith*, 781 S.W.2d 522 (Ky. Ct. App. 1989), the Kentucky Court of Appeals considered whether a school administrator, who had retained her position for over three years, was conferred a property interest in her job by section 161.765 of the Kentucky Revised Statutes. The Court of Appeals compared sections 161.740 and 161.765, and concluded that administrators are given "no right of tenure in their positions." *Hooks*, 781 S.W.2d at 523. "In short, our statutory scheme does not appear to have created a 'property interest' in a school administrator in continued employment as an administrator, although it does secure the right to certain procedural safeguards. The due process clause of the fourteenth amendment simply does not come into play." *Id.* at 523-24 (citing *Bd. of Regents v. Roth*, 408 U.S. 564 (1972)).

Plaintiff contends that, despite the unequivocal holding of *Hooks*, she is entitled to a property interest in her position as an administrator because the Kentucky Supreme Court has used the term "administrative tenure" in reference to the procedural safeguards contained in section 161.765. *See Bd. of Educ. of Kenton Co. v. Paul*, 846 S.W.2d 675, 676 (Ky. 1992) ("The clear legislative intent of the act is to provide a probationary period for administrators of three full years before 'administrative tenure' attaches."). This is a specious argument; the Kentucky Supreme Court's reference to "administrative tenure" in *Paul* neither overruled *Hooks*, nor created a property interest in administrative employment. The Kentucky Supreme Court used the term "tenure" as it is employed in *Hooks*, as a term of art referencing the additional procedural mechanisms afforded to administrators once

7

they have completed three years of administrative service. *Hooks*, 781 S.W.2d at 523 ("This court has spoken of an 'administrator with tenure.' Strictly speaking, however, an administrator has been given no right of tenure to an administrative position . . . .").

Therefore, as Kentucky law makes clear that administrators enjoy no property interest in continued employment as administrators that is protected by the Due Process Clause of the Fourteenth Amendment, Plaintiff's procedural due process claim fails as a matter of law.[5]

## 2.    Substantive Due Process

In her Complaint, Plaintiff alleges that Defendants' actions were "wanton and reckless, with intent to violate Plaintiff [sic] rights," thereby depriving her of her substantive due process right to employment." The substantive component of the Due Process Clause "protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action." *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir. 1992). Substantive due process is limited in its scope, protecting only "those interests, some yet to be enumerated, 'implicit in the concept of ordered liberty,' like personal choice in matters of marriage and the family." *Charles v. Baesler*, 910 F.2d 1349, 1353 (6th Cir. 1990) (citations omitted).

It is well settled that a public employee's interest in tenured public employment does not rise to the level of a "fundamental" interest warranting substantive due process

---

[5]  To the extent that, as part of her procedural due process claim, Plaintiff alleges that Defendants failed to properly notify her of her demotion, and/or to properly effectuate that demotion and its accompanying pay reduction in compliance with sections 161.760 and 161.765 of the Kentucky Revised Statutes, this Court need not address those arguments. In the absence of a property interest which would draw Plaintiff's allegations into the purview of the Fourteenth Amendment, the question of whether Defendants properly complied with Kentucky law remains purely a question of state law, better addressed to a court of the Commonwealth.

protection. *Sutton*, 958 F.2d at 1350; *Painter v. Campbell Co. Bd. of Educ.*, 417 F. Supp. 2d 854, 863 (E.D. Ky. 2006). Consequently, it follows that Plaintiff's right to proper notice of demotion under section 161.765 of the Kentucky Revised Statutes is likewise not "fundamental;" therefore, Defendants are entitled to summary judgment on Plaintiff's substantive due process claim.

In light of our determination that Plaintiff is unable to make a prima facie showing that Defendants violated either her procedural or substantive due process rights, the Court need not address Defendants' arguments regarding adequacy of state remedies, the applicable statute of limitations, or Superintendent Moreland's qualified immunity defense.

### III.     CONCLUSION

Therefore, for the reasons stated herein,

**IT IS ORDERED as follows:**

1.     Defendants' Motion for Summary Judgment (Doc. #15) is hereby **GRANTED**;

2.     Plaintiff's Motion for Summary Judgment (Doc. #17) is hereby **DENIED**;

3.     Plaintiff's Motion for Oral Arguments [sic] (Doc. #26) is hereby **DENIED**;

4.     This matter is hereby **STRICKEN** from the docket of the Court;

5.     A Judgment in favor of Defendants will be entered contemporaneously herewith.

This 1st day of December, 2008.



Signed By:

*David L. Bunning*

United States District Judge

G:\DATA\Opinions\2-07-073-MSJ.wpd